IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| VIAD CORP., D/B/A EXHIBITGROUP/GILTSPUR | § § § | |
| Plaintiff | § § | CASE NO. 6:04-CV-407 |
| vs. | § § | |
| STAK DESIGN, INC. | § § § | |
| Defendant | § | |

**ORDER**

Before the Court is Viad's Motion for Protective Order (Docket No. 206), Stak's Motion to Compel (Docket No. 208), and Viad's Amended Motion to Compel (Docket No. 219). For the following reasons, the Court **GRANTS** Viad's motion for protective order and **DENIES** both motions to compel.

At issue here are privileged communications between former Viad employees and Viad's attorneys. Viad accuses these former employees, now principals in Stak, of willfully infringing certain copyrighted kiosk renderings. Stak contends that by alleging willful infringement, Viad has waived the attorney-client privilege and Stak should be able to use these communications as a defense to the allegations of willful infringement. The Court disagrees with Stak.

Stak does not dispute that at the time the communications occurred, the attorneys were representing Viad, not the employees now with Stak, and that the communications satisfied the elements of the attorney-client privilege. Stak's argument hinges on the idea that Viad waived the

privilege by alleging that Stak willfully infringed the copyrighted works.[1]  However, it is not Viad that has placed attorney-client communications at issue but rather Stak by relying on advice of counsel as a defense. *See Rhone-Poulenc Rorer, Inc. v. Home Indemnity Co.*, 32 F.3d 851, 863 (Fed. Cir. 1994) ("The advice of counsel is placed in issue where the client asserts a claim or defense, and attempts to prove that claim or defense by disclosing or describing an attorney-client communication."); *Beery v. Thomson Consumer Electronics, Inc*., 218 F.R.D. 599, 605 (S.D. Ohio 2003) ("This [putting attorney-client communications at issue] occurs when a party affirmatively uses privileged communications to defend against or attack the opposing party, such as when an accused infringer attempts to defeat a willful infringement claim by pointing to his good-faith reliance on *his attorney's* advice that his products did not infringe.") (emphasis added).  Of course, Stak is free to rely on advice of its own counsel, but is not free to rely on advice from Viad's attorneys. The privilege is Viad's to assert and, if it so chooses, to waive.[2]  Although Stak contends that Viad is using the privilege as a sword, Viad is not using privileged communications to prove willful infringement or anything else in its case. *See id.*  Based on the foregoing, Viad's motion for protective order is **GRANTED** and Stak's motion to compel is **DENIED**.  Accordingly, it is **ORDERED** that (1) STAK's attorneys to cease and desist from asking any witness, not under oath

---

[1]None of the cases Stak principally relies upon involved a situation where an employee was directly adverse to his former employer. *See, e.g., Ross v. City of Memphis*, 224 F.R.D. 411, 414 (W.D. Tenn. 2004) (in lawsuit against the City of Memphis and director of police in his individual capacity, the court found that officer could rely on advice from City of Memphis attorneys even though city did not want to waive the privilege and that individual defendant had waived the privilege by placing advice of counsel at issue).

[2]The Court has also considered Stak's argument that Viad has waived the privilege by failing to object to certain testimony Rob McCoy offered in his deposition and a portion of a declaration he provided in this case.  In light of Viad's consistent objections in this proceeding to testimony that would reveal attorney-client communications, the Court finds that Viad's failure to object in an isolated instance has not opened the door for Stak to use privileged communications as a defense in this case.

and being deposed or examined in open court, any question, in a manner or form that would seek or require disclosure of information protected by Viad's attorney-client privilege, including any privileged communications between Viad's attorneys and former or current employees; (2) STAK and its representative witnesses cease and desist from discussing, revealing, or otherwise disclosing any information protected by Viad's attorney-client privilege, including any privileged communications betwen Viad's attorneys and former or current employees; (3) STAK's attorneys advise STAK and its representative witnesses that they may not discuss, reveal, or otherwise disclose any information protected by Viad's attorney-client privilege, including any privileged communications between Viad's attorneys and former or current employees; and (4) the following record testimony in this case is placed under seal: (i) pp. 248-250 of the transcript of the November 9, 2004 preliminary injunction hearing; (ii) pp. 214-215 of the transcript of oral deposition of Rob J. McCoy, dated October 18, 2004; (iii) p. 225 of the Confidential Transcript of Deposition of Vincent Keith Marler, dated March 23, 2005; (iv) pp. 217-218; 324-333 of the Transcript of Oral Deposition of Kim Fracalossi, dated March 24, 2005.

As to Viad's motion to compel communications between Stak and its attorneys, Stak does not rely on advice of its own counsel as a defense to willful infringement. Thus, Viad's motion to compel is **DENIED** and Stak will not be permitted to rely on advice of its counsel as a defense at trial.

It is further **ORDERED** that Docket No. 109 is **GRANTED IN PART AND DENIED IN PART** per the Court's instructions at the hearing on March 3, 2005.

The Clerk is also directed to terminate Docket No. 216 as it was amended by Docket No. 219.

**So ORDERED and SIGNED this 26th day of May, 2005.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**