# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| **VIAD CORP** | § | |
| *Doing Business As* | § | |
| *Exhibitgroup / Giltspur* | § | |
| | § | NO. 6:04-CV-407 |
| V. | § | |
| | § | |
| **STAK DESIGN, INC.** | § | |

## ORDER RE: "HOTLINE" HEARING

Participants:   CHARLES DE LA GARZA, Esq.
               Attorney of record for Plaintiff

               KIM ELKJER, Esq.
               Attorney for Defendant

               MICHAEL EDWIN JONES, Esq.
               Attorney of record for Defendant

               ROBERT MARK MILLIMET, Esq.
               Attorney of record for Defendant

Date:          May 25, 2005

Time:          3:15 p.m.

Action on:     Dispute Re Second Deposition of Plaintiff's Expert Witness

Case Assigned To:  Hon. Leonard Davis

## PROCEEDINGS

This is an action alleging claims of copyright and patent infringement and unfair competition under section 43(a) of the Lanham Act (codified at 15 U.S.C. § 1125(a)). Plaintiff alleges that defendant infringed upon plaintiff's copyrighted designs of kiosks in shopping malls in violation of federal copyright and patent statutes. Plaintiff also alleges that defendant impermissibly used its name and created confusion in the marketplace, in violation of unfair competition provisions of the Lanham Act.

This action was filed August 25, 2004 (Docket No. 1), and is currently scheduled for trial before a jury on June 13, 2005. Docket No. 87. The court ordered that the parties complete discovery in this case by March 25, 2005. Id.

The discovery dispute that prompted this hotline call arises from a disagreement regarding the proposed second deposition of an expert witness on damages. Specifically, defense counsel stated that on the evening of May 23, 2005 plaintiff's counsel tendered to defendants a supplemental disclosure from plaintiff's expert witness, Carol Ludington. The parties disagree as to whether the supplemental report changes damages model or advances new theories as to recoverable damages. Parties agree that the damages witness, Ludington, has been previously deposed.

Defendants apparently were dissatisfied with that deposition, and were requesting a second deposition.  When the supplemental disclosure was made, plaintiff's counsel tendered the expert witness for a second deposition, but only for 4 hours, only in Minnesota, and only on May 26 or 27, 2005.   Defendant objects, arguing insufficient notice and that the deposition should occur in Texas, and at a mutually agreeable time, place, and duration, sometime next week.

Plaintiff's counsel asserts that defendant has already deposed this expert witness; therefore, plaintiff argues that another deposition would be ineffectual.  Plaintiff argues that, in the event that defendant feels that they are entitled to a second deposition, then they should address this argument to Judge Davis' attention.

## ANALYSIS AND ORDER

Federal Rules of Civil Procedure provide that parties must obtain leave of court if, without written stipulation of the parties, the person to be examined "already has been deposed in the case."  Fed. R. Civ. P. 30(a)(2)(B) (depositions upon oral examination).  The parties have not entered a written stipulation nor have they obtained leave of court.  Consequently, the deposition cannot occur at this time.  It is therefore

**ORDERED** that parties confer further in an effort to reach a written stipulation, absent which either party may file an appropriate motion.

SIGNED this 26th day of May, 2005.

_____
EARL S. HINES
UNITED STATES MAGISTRATE JUDGE